THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HEIDI A. SCHNEEKLOTH, <br><br> Plaintiff, <br><br> v. <br><br> RUTH'S HOSPITALITY GROUP, INC. d/b/a RUTH'S CHRIS STEAKHOUSE; RCSH OPERATIONS, INC., d/b/a RUTH'S CHRIS STEAKHOUSE; <br><br> Defendants. | NO.  2:15-CV-01288-TSZ <br><br> PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO QUASH AND FOR PROTECTIVE ORDER <br><br> NOTE FOR MOTION CALENDAR: Friday, December 18, 2015 |



The Hanley Law Firm, PLLC
520 Pike Street, Suite 2500
Seattle, WA 98101
Ph: 206-466-2334 fax: 206-340-1936
ehanley@thehanleylawfirm.com

**I. INTRODUCTION**

Defendants seek to quash a simple request for a document deposition under Rules 30(b)(2), Rule 34, and Rule 30(b)(6). The purpose of the document deposition is to efficiently determine what documents relevant to this case exist, ensure the completeness of Defendants' response to Plaintiff's Rule 34 request, determine the authenticity of documents, and identify the reasons for omissions. Defendants admit that this discovery procedure is permitted under the federal rules, but they have nonetheless refused to produce the documents requested under Rule 34 and refused to produce a 30(b)(6) representative to testify about matters related to the document production. Defendants' motion should be denied because (1) the rules expressly provide for this type of deposition, (2) Defendants have not shown "good cause" for the motion to quash or for protective order, and (3) Defendants' objections to the Rule 34 requests are untimely, boilerplate, and without merit. In addition, the Court should find that Defendants' failure to timely respond to the Rule 34 discovery requests constitutes waiver of objections.

**II. FACTS**

Plaintiff Heidi Schneekloth was a prep cook in Defendants' Ruth's Chris restaurant in Bellevue, Washington when she was sexually harassed by two of her co-workers and discriminated against by the head chef. When she complained about the harassment and told Defendants that she was afraid of one of the harassing coworkers, Arturo Santoyo, they informed Santoyo of her allegations of sexual harassment and failed to take any corrective action. After Plaintiff complained, Santoyo escalated his harassment of Plaintiff. Ultimately, the harassment escalated to a violent assault against Plaintiff perpetrated by Santoyo at Ruth's Chris. After the assault, Defendants did not discharge Santoyo and Plaintiff was forced to

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO QUASH AND FOR PROTECTIVE
ORDER
2:15-CV-01288-TSZ
Page 2 of 15



The Hanley Law Firm, PLLC
520 Pike Street, Suite 2500
Seattle, WA 98101
Ph: 206-466-2334 fax: 206-340-1936
ehanley@thehanleylawfirm.com

encounter him at work.  Defendants also failed to accommodate Plaintiff's arm injuries that resulted from the assault, which further aggravated them and led to permanent impairment. These events have left Plaintiff Schneekloth permanently disabled, unable to use her arm, and unable to work.  *See Complaint,* Dkt. #1.  On August 13, 2015, Plaintiff filed this lawsuit against Defendants alleging negligent hiring and retention, negligent infliction of emotional distress, failure to accommodate, retaliation, and employment discrimination under the Washington Law Against Discrimination ("WLAD"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"), and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA").

On October 27, 2015, Plaintiff commenced discovery by requesting documents and noting a document deposition of each defendant pursuant to Rules 30(b)(6), 30(b)(2), and 34 of the Rules of Civil Procedure.  *Dkt. # 23-1. at ¶2, Exs. A & B.*  The notices included a request for documents under Rule 34.  *Id.* at *¶2, Exs. A at p. 3-8 & B at p. 3-8.*  The notices also requested that Defendants designate a corporate representative under Rule 30(b)(6) to testify about the documents produced.  *Id. at ¶2, Exs. A at p. 1-3 & B at p. 1-3.*   Finally, pursuant to Rule 30(b)(2), the notices requested that the chosen 30(b)(6) representative bring the documents requested to a deposition scheduled for December 1-2, 2015 in Winter Park, FL, which is the principal place of business of both Defendant corporations.  *Id. at ¶2, Exs. A at p. 1-2 & B at p. 1-2*; *Declaration of Elizabeth Hanley* ("*Hanley Decl.*"), *Exhibit* ("*Exh.*") *A at 2*.

On November 6, 2015, Defendants' counsel contacted Plaintiff's counsel via email, requesting to discuss the document deposition notices.  *Hanley Decl. at ¶ 2.*   Plaintiff's counsel attempted to reach Defendants' counsel on November 6, 2015, but was unable to reach



PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO QUASH AND FOR PROTECTIVE
ORDER
2:15-CV-01288-TSZ
Page 3 of 15

The Hanley Law Firm, PLLC
520 Pike Street, Suite 2500
Seattle, WA 98101
Ph: 206-466-2334 fax: 206-340-1936
ehanley@thehanleylawfirm.com

him and left a voicemail. *Id. at ¶ 2 (Ex. A at p.1).* On November 9, 2015, Defendants' counsel sent Plaintiff's counsel an email, summarizing general objections to the notices. *Id. at ¶3 (Ex. A).* In the email, Defendants admitted that Plaintiff's chosen method of discovery under Rule 34 and 30(b)(2) is permitted under the Federal Rules of Civil Procedure, but objected to the method. *Id. at p. 1.* Defendants did not make any specific objections to the documents Plaintiff requested under Rule 34 but they objected generally to all 8 topics of the 30(b)(6) deposition regarding document production on the basis of relevance. *Id.* Finally, Defendants requests if the depositions proceed, they occur on different dates. *Id.*

The parties conducted a CR 26(c) conference via telephone on November 20, 2015. *Hanley Decl at ¶ 3.* During this telephone conference, Defendants did not cite any specific objections to the 30(b)(6) topics or Rule 34 requests and agreed to the format as noticed. *Id; See also ¶ 5 (Ex. B at p.1).* Defendants objected to the date of the depositions, so Plaintiff agreed to move the depositions to a more convenient date. *Id.; See also ¶ 5 (Ex. B at p.5).*

On November 25, 2015, Plaintiff's counsel sent an email confirming that she intended to move forward with the document depositions on a date that Defendants' counsel was available. *Hanley Decl at ¶ 5 (Ex. B).* She also reminded Defendants that their document production and written responses to discovery requested by the notices under Rule 34 were overdue, and she asked that they be produced by December 1, 2015 so she could review them prior to the depositions. *Id. at p.5-6.*

On Monday, November 30, 2015, Defendants notified Plaintiff's counsel that they did not intend to produce anyone for the depositions no matter when they were scheduled. *Hanley Id. at p. 3.* On December 4, 2015, Defendants filed this Motion to Quash and for Protective

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO QUASH AND FOR PROTECTIVE
ORDER
2:15-CV-01288-TSZ
Page 4 of 15



The Hanley Law Firm, PLLC
520 Pike Street, Suite 2500
Seattle, WA 98101
Ph: 206-466-2334 fax: 206-340-1936
ehanley@thehanleylawfirm.com

Order. Dkt # 21.[1]  To date, Defendants have not produced any documents nor have they provided written responses or objections to Plaintiff's Rule 34 request. *Hanley Decl at ¶ 7.*

## II. ARGUMENT AND AUTHORITIES

Discovery is governed by Federal Rule 26, which is broad. "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.,* 175 F.R.D. 646, 650 (C.D.Cal.1997). This burden is a heavy one in employment discrimination lawsuits, where discovery rules are construed liberally so as to provide the plaintiff with "broad access to the employers' records." *Wards Cove Packing Co., Inc. v. Atonio,* 490 U.S. 642, 643, 109 S. Ct. 2115, 104 L.Ed.2d 733 (1989).

This Court should deny Defendants' Motion because (1) the document deposition noted by Plaintiffs is an accepted method of discovery permitted by the Federal Rules of Civil Procedure, (2) Defendants have not shown "good cause" for a protective order, and (3) Defendants' objections to the Rule 34 requests are untimely, boilerplate, and without merit.

### A. The Method of Discovery Utilized is Expressly Permitted by the Federal Rules of Civil Procedure.

In this case, the discovery procedure utilized by Plaintiff is simple. Plaintiff has identified categories of documents and requested that Defendant produce them under Rule 34 within 30 days of the request. Plaintiff has requested Defendant produce Rule 30(b)(6) designees to identify available documents and attest to the search and authenticity of those

---

[1] Defendants' Motion is 15 pages, which is two pages longer than the limits of LCR 7(e)(2) allow. Defendants did not move for leave to file an over length brief under LCR 7(e)(f). Accordingly, Plaintiff respectfully requests that the Court strike and disregard pages 13-14 under LCR 7(g).



PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO QUASH AND FOR PROTECTIVE
ORDER
2:15-CV-01288-TSZ
Page 5 of 15

The Hanley Law Firm, PLLC
520 Pike Street, Suite 2500
Seattle, WA 98101
Ph: 206-466-2334 fax: 206-340-1936
ehanley@thehanleylawfirm.com

documents. Rule 30(b)(2) requires the deponent to produce the documents at the deposition. This procedure falls squarely within the federal rules.

First, as Defendant has previously admitted, Rule 30(b)(2) allows a notice to take deposition to be accompanied by a request under Rule 34 to produce documents at the deposition. *Hanley Decl at ¶ 4 (Ex. A at p. 1)*(stating that Defendants "recognize that the Federal Rules of Civil Procedure permit you to take the deposition of a representative of the defendants and to include a request that documents be produced at the depositions."); *see also* Fed. R. Civ. P 30(b)(2) (stating that "notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition.").

Second, it is well settled that under Fed. R. Civ. P. 30(b)(2) parties have a thirty-day deadline for producing documents. Parties responding to a deposition notice which requests they produce documents at the deposition must comply with the thirty-day notice requirement set forth in Fed. R. Civ. P. 34(b)(2), under which a party has thirty days following the service of the request to serve written responses to requests for production on the propounding party. *Schultz v. Olympic Med. Ctr.,* No. C07-5377 FDB, 2008 WL 3977523, at *2 (W.D. Wash. Aug. 22, 2008) (stating, "It is well settled that Fed. R. Civ. P. 30(b)(2) provides that any deposition notice which is served on a party deponent and which requests documents to be produced at the deposition must comply with the thirty-day notice requirement set forth in Fed. R. Civ. P. 34."). Objections not made within 30 days of a document request are untimely and therefore waived. *Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1473 (9th Cir.1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.").
PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO QUASH AND FOR PROTECTIVE
ORDER
2:15-CV-01288-TSZ
Page 6 of 15



The Hanley Law Firm, PLLC
520 Pike Street, Suite 2500
Seattle, WA 98101
Ph: 206-466-2334 fax: 206-340-1936
ehanley@thehanleylawfirm.com

Third, a 30(b)(6) witness is subject to rule 30(b)(2). *See Richardson v. Rock City Mech. Co., LLC,* No. CV 3-09-0092, 2010 WL 711830, at *4 (M.D. Tenn. Feb. 24, 2010) ("There is no reason to believe that a Rule 30(b)(6) deposition is not subject to Rule 30(b)(2)"). Under Rule 30(b)(6), a party may name as the deponent a corporation and describe with "reasonable particularity" the matters for examination. Nothing in the rules limits the matters for examination or prohibits a party from noting a 30(b)(2) deposition of a 30(b)(6) representative. Defendants do not cite to any authority to the contrary. Accordingly, Defendants' objections to the mechanism of the documents depositions are without merit.

### B. Defendant Has Not Shown Good Cause to Quash or For a Protective Order.

#### 1. The Designated Topics are Relevant to Plaintiff's claims.

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if it has '*any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *United States v. Stever,* 603 F.3d 747, 753 (9th Cir.2010) (*quoting* Fed. R. Evid. 401) (emphasis in original). Defendants argue that the 30(b)(6) topics designated to determine the completeness of Defendants' document production are irrelevant and improper. This Court should reject this argument.

First, in employment cases, employer documents play a vital role in proving that discrimination or retaliation occurred. *Wilmot v. Kaiser Aluminum & Chem. Corp.*, 118 Wn. 2d 46, 69, 821 P.2d 18, 29 (1991) (stating that proof of an employer's motivation may be difficult for the employee to obtain because the employer is not apt to announce retaliation as his

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO QUASH AND FOR PROTECTIVE
ORDER
2:15-CV-01288-TSZ
Page 7 of 15



The Hanley Law Firm, PLLC
520 Pike Street, Suite 2500
Seattle, WA 98101
Ph: 206-466-2334 fax: 206-340-1936
ehanley@thehanleylawfirm.com

motive; accordingly, it is often shown by circumstantial evidence.); see also *E.E.O.C. v. Fry's Elecs., Inc.*, 874 F. Supp. 2d 1042, 1048 (W.D. Wash. 2012) (sanctioning a party for failing to preserve documents related to litigation.). Accordingly, efficiently verifying what documents exist in Defendants possession, the completeness of the Rule 34 document production, and inquiry about documents that might be omitted and why are relevant to effectively litigating the underlying claims. These issues are especially relevant in employment cases where all of the requested documents are in the custody and control of one party—the employer. *Wards Cove Packing Co., Inc. v. Atonio,* 490 U.S. 642, 643, 109 S. Ct. 2115, 104 L.Ed.2d 733 (1989) (discovery rules are construed liberally in employment lawsuits so as to provide the plaintiff with "broad access to the employers' records."). Without testimony on each of the 30(b)(6) topics designated by Plaintiff—document creation, storage, retention, and location, and scope of search—she may never know whether Defendants conducted reasonable search or if additional documents may exist.

Second, authenticating documents is necessary and relevant to the claims. It strains credibility to assert that authenticating documents produced under Rule 34—another purpose of the document deposition—is not relevant to the claims underlying the lawsuit from which the discovery requests arise.[2]

Third, Defendants relevance objections are nonsensical. If Defendants' assertion is deemed correct, a party in nearly every type of litigation would be prohibited from asking any

---

[2] The document deposition will also streamline the authentication and production of Electronically Stored Information (EFI) and will reduce or eliminate a number of separate depositions of custodians of Defendants' records. This is particularly important in this case because Defendants have ignored Plaintiff's request for an ESI Agreement that would identify the custodians of such records. *Hanley Decl at ¶ 8.*



PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO QUASH AND FOR PROTECTIVE
ORDER
2:15-CV-01288-TSZ
Page 8 of 15

The Hanley Law Firm, PLLC
520 Pike Street, Suite 2500
Seattle, WA 98101
Ph: 206-466-2334 fax: 206-340-1936
ehanley@thehanleylawfirm.com

deponent questions about whether the document production is complete, whether any documents were destroyed, and what type of search they conducted for documents that were requested through discovery. Evaluating and verifying the completeness of a document production, including whether documents have been retained or destroyed, is an integral part of discovery in any litigation. *See generally, E.E.O.C. v. Fry's Elecs., Inc.*, 874 F. Supp. 2d 1042 (W.D. Wash. 2012).

### 2.  The Designated Topics are Described with Reasonable Particularity.

The Court should reject Defendants' claims that the designated topics are not described with reasonable particularity. On their face, the topics are narrowly tailored toward the purpose of the deposition—verifying that the document production is complete, exploring the reason for any omissions, and creating a factual record about any withheld documents. Defendants fail to point to any specific topic of the eight provided to explain how they could be "more specific."

### 3.  Defendants Do Not Establish the Discovery Constitutes an "Undue" Burden.

Defendants' arguments that the document depositions are an "undue burden" is a broad assertion unsubstantiated by any facts. The Court should reject these claims because (1) the mechanism is more efficient and less costly, and (2) Defendants have only underscored the importance of the 30(b)(6) document deposition by claiming numerous employees must be consulted to identify and authenticate documents.

First, the benefit to Plaintiff of utilizing this method of discovery at the outset of the case is far outweighed by the costs to Defendant of attending and preparing witnesses for the deposition. Plaintiff is utilizing the document deposition precisely because it is more efficient and less costly. *Hanley Decl at ¶5 (Ex. B at p. 9).* Plaintiff can immediately explore the



PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO QUASH AND FOR PROTECTIVE
ORDER
2:15-CV-01288-TSZ
Page 9 of 15

The Hanley Law Firm, PLLC
520 Pike Street, Suite 2500
Seattle, WA 98101
Ph: 206-466-2334 fax: 206-340-1936
ehanley@thehanleylawfirm.com

completeness of Defendants document production with a corporate representative who knows what type of search was conducted and what documents, if any, were withheld and why. If Defendants allege that a search for documents proved too burdensome or difficult, Plaintiff can immediately explore the reasons why and create a factual record upon which the court can base its rulings if a motion to compel becomes necessary or by which the Plaintiff may choose to abandon the request based on the testimony provided. These facts, which often take months to uncover when sought through written discovery requests alone, can be gathered within a single, one-day deposition of each defendant. Furthermore, the document deposition will permit a sworn witness to vouch for the authenticity of the documents produced, which will obviate the need for requests for admission or other piecemeal methods of obtaining that information.

Second, Defendants have not met their burden to show that preparing the 30(b)(6) witnesses for deposition will be more "time-consuming and inconvenient" than other discovery methods. Under Rule 30(b)(6), Defendants can designate numerous people to testify on behalf of the company; Accordingly, they can simply designate the persons who conduct the search for the Rule 34 documents to testify under oath about their search, what they found, what was produced, what was omitted, and why. There is no reason why—and they provide no objective evidence—that this task will be overly burdensome or more expensive than the alternative: propounding additional written discovery followed by piecemeal inquires through follow-up written requests and piecemeal depositions of numerous fact witness and records custodians in an effort to cobble together information about the document production and authentication.

4. <u>Defendants Cannot Dictate What Discovery Methods Plaintiff Chooses to Use.</u>

Plaintiff has the right to choose what methods of examination will best provide the



The Hanley Law Firm, PLLC
520 Pike Street, Suite 2500
Seattle, WA 98101
Ph: 206-466-2334 fax: 206-340-1936
ehanley@thehanleylawfirm.com

information necessary to properly prepare for litigation, as well as the sequence of that discovery. *Warren v. Bastyr Univ.*, No. 2:11-CV-01800-RSL, 2013 WL 1412419, at *6 (W.D. Wash. Apr. 8, 2013) (Parties may utilize any of the methods of discovery set forth in the Federal Rules of Civil Procedure); Fed. R. Civ. P. 26(d)(1).  So while Defendants may *prefer* that Plaintiff propound written discovery without associated document depositions, Defendants may not dictate which discovery method Plaintiff utilizes.  *See Employee Painters' Trust v. Ethan Enterprises, Inc.*, No. C09-0269RSL, 2009 WL 577265, at *2 (W.D. Wash. Mar. 5, 2009) (Plaintiffs have the right to choose the method of discovery.).

### C. Defendants' Objections to the Substance of the Rule 34 Requests are Untimely, Boilerplate, and Without Merit.

Although Defendants raise objections to the *substance* of the Rule 34 requests as temporally and substantively "vague" and "overbroad," the Court should disregard these complaints entirely as untimely, boilerplate, and without merit. *Dkt. # 21 at 9.*

#### 1. The Objections are Untimely

Defendant failed to raise these substantive objections in the November 20, 2015 Rule 26 conference. Raising them for the first time in their Motion violates Rule 26(c)(1).  They also failed to provide written objections and responses specific to the Rule 34 requests within the 30-day period provided under Rule 34.  Accordingly, their objections are waived.

#### 2. The Objections are Impermissible Boilerplate Objections and Lack Merit.

Objections on the basis that a request is "vague" or "overbroad" without further explanation regarding specific requests has been found to be improper, sanctionable, and contrary to the spirit of the Federal Rules of Civil Procedure.  *See Weidenhamer v. Expedia,*



PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO QUASH AND FOR PROTECTIVE
ORDER
2:15-CV-01288-TSZ
Page 11 of 15

The Hanley Law Firm, PLLC
520 Pike Street, Suite 2500
Seattle, WA 98101
Ph: 206-466-2334 fax: 206-340-1936
ehanley@thehanleylawfirm.com

*Inc.*, No. C14-1239RAJ, 2015 WL 1292978, at *8 (W.D. Wash. Mar. 23, 2015).

Defendants' failure to provide specific objections as to each item as required under Rule 34(b)(2)(B) makes the objections they cite in their motion nearly impossible to address; accordingly, the Court should disregard them. However, if the Court chooses to consider them, it should find that they are without merit.

First, Defendants broadly object to use of the term "including but not limited to" in Plaintiff's Rule 34 requests. Plaintiff has used this common term "including but not limited to" to ensure that certain documents Plaintiff believes exist are produced and also encompass documents that are responsive, but only Defendants know exist. It is commonly used in discovery requests for this reason. Defendants provide no authority suggesting the use of the term "including but not limited to" is vague in the context of a Rule 34 document production.[3]

Second, Defendants object to Plaintiff's request for "all files" relating to particularly named employees, such as Scott Finch and Arturo Santoyo. Despite Defendants' assertions to the contrary, a request for "all files" relating to these employees is sufficiently narrow. The request is limited by the Defendants' role as an employer, the length of employment, and to documents within Defendants' possession or control. It is not vague or overbroad. Notably, requesting personnel files is common and crucial in an employment discrimination case. *See U.S. Postal Serv. Bd. of Govs. v. Aikens,* 460 U.S. 711, 715–17, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983) (In employment discrimination suits, in which the inner mental motivations behind

---

[3] Neither of the two cases cited by Defendant involve use of the term "including but not limited to" in a Rule 34 document request. In those cases, the term was used within the designated 30(b)(6) topics, thereby making it impossible for the 30(b)(6) witness to know the scope of the topics to which he/she would be testifying regarding at deposition.

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO QUASH AND FOR PROTECTIVE
ORDER
2:15-CV-01288-TSZ
Page 12 of 15



The Hanley Law Firm, PLLC
520 Pike Street, Suite 2500
Seattle, WA 98101
Ph: 206-466-2334 fax: 206-340-1936
ehanley@thehanleylawfirm.com

allegedly discriminatory acts are near impossible to prove, *"pattern and practice"* evidence is both discoverable and admissible to prove discriminatory intent); *see also Heyne v. Caruso,* 69 F.3d 1475, 1479–81 (9th Cir.1995); *Hawkins v. Hennepin Technical Ctr.,* 900 F.2d 153, 155 (8th Cir.1990); *see also Hanley Decl. at ¶ 6 (Ex. C: Order Granting Plaintiff's Motion to Compel by Judge Coughenour at \*4)* (stating that "[t]o the extent that "pattern and practice" evidence can be gleaned from a company's personnel files, courts in the Western District of Washington has held that the entire personnel files of non-parties may be discoverable, even when some of the information contained in them may be inadmissible."). Furthermore, because Plaintiff alleges negligence in hiring and retaining Santoyo, an employee Defendants either knew or should have known had a history of assaultive tendencies, Plaintiff is entitled to discover documents that show what Defendants knew about employee, Arturo Santoyo, during the entirety of his employment.

Third, Defendants generally object to Plaintiff's request for the location and storage of any management agreements relating to the Bellevue restaurant where the claims arose. This request is narrowly tailored for purposes of verifying the document production and search for documents that shed light on whether one or both defendants were managing the restaurant and under what guidelines when the claims arose. Accordingly, this objection should be rejected.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the court DENY Defendants' Motion to Quash and for Protective Order and find that Defendants' failure to timely respond to the Rule 34 discovery requests constitutes waiver.



The Hanley Law Firm, PLLC
520 Pike Street, Suite 2500
Seattle, WA 98101
Ph: 206-466-2334 fax: 206-340-1936
ehanley@thehanleylawfirm.com

1  DATED this 16th day of December, 2015, at Seattle, Washington.

2

3  THE HANLEY LAW FIRM, PLLC

4

5  By: __s/Elizabeth A. Hanley_____
   Elizabeth A. Hanley
6  The Hanley Law Firm, PLLC
   1411 Fourth Ave., Ste. 1101
7  Seattle, WA 98101
   Tel. (206) 466-2334
8  Fax (206) 577-3924
9  Email: ehanley@thehanleylawfirm.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26



PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO QUASH AND FOR PROTECTIVE
ORDER
2:15-CV-01288-TSZ
Page 14 of 15

The Hanley Law Firm, PLLC
520 Pike Street, Suite 2500
Seattle, WA 98101
Ph: 206-466-2334 fax: 206-340-1936
ehanley@thehanleylawfirm.com


# **DECLARATION OF SERVICE**

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day, I electronically filed a true and accurate copy of the document to which this declaration is affixed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Ms. Susan Rae Fox
Ms. Shannon J. Lawless
Ryan Swanson Cleveland
1201 Third Ave., Ste. 3400
Seattle, WA 98101-3034
fox@ryanlaw.com
lawless@ryanlaw.com

Mr. Christopher S. Mann
Mr. Joshua Wood
Jones Walker, LLP
201 St. Charles Ave., Ste. 5100
New Orleans, LA 70170-5100
cmann@joneswalker.com
jwood@joneswalker.com

*Attorneys for Defendants*

DATED this 16th day of December, 2015.

THE HANLEY LAW FIRM, PLLC

By: __*s/Elizabeth A. Hanley*_____
Elizabeth A. Hanley
The Hanley Law Firm, PLLC
520 Pike Street, Ste. 2500
Seattle, WA 98101
Tel. (206) 466-2334
Fax (206) 340-1936
Email: ehanley@thehanleylawfirm.com

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO QUASH AND FOR PROTECTIVE ORDER
2:15-CV-01288-TSZ
Page 15 of 15

The Hanley Law Firm, PLLC
520 Pike Street, Suite 2500
Seattle, WA 98101
Ph: 206-466-2334 fax: 206-340-1936
ehanley@thehanleylawfirm.com